**Curt ROSANDER, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security Administration, Defendant–Appellee.**

**No. 06–16036.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2008.\*\*

Filed Jan. 24, 2008.

Tom F. Weathered, Esq., San Francisco, CA, for Plaintiff–Appellant.

Elizabeth Firer Fax, SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: W. FLETCHER and BEA, Circuit Judges, and MILLER\*\*\*, District Judge.

MEMORANDUM \*\*\*\*

Curt Rosander appeals the district court's decision affirming the final decision of the Commissioner of Social Security ("Commissioner"), in which the Commis-

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sioner affirmed the decision of an Administrative Law Judge ("ALJ"), who found that Rosander was not disabled within the meaning of the Social Security Act and therefore was not eligible for benefits. We affirm the decision of the district court.

We review the district court's judgment de novo, and we "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007) (citations and internal quotation marks omitted). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

Rosander contends that the ALJ erred in failing to consider Rosander's mental impairment in determining whether Rosander was disabled. He also argues that substantial evidence does not support the ALJ's finding that Rosander's mental impairment was not severe.

A claimant has the burden of proving the existence and severity of alleged impairments during the time of the alleged disability. 20 C.F.R. § 404.1512(a), (c); *see also Ukolov v. Barnhart,* 420 F.3d 1002, 1004–05 (9th Cir.2005). "An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability[;] ... there must be medical signs and findings ... which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms[.]" 42 U.S.C. § 423(d)(5)(A).

The ALJ's conclusion that Rosander had no mental impairment is supported by substantial evidence in the record. Moreover, affirmative evidence in the record supports the ALJ's conclusion that Rosander's poor performance on a memory assessment was attributable to malingering. Substantial evidence supported each of the ALJ's assumptions in the first hypothetical question he posed to the vocational expert. To the extent that the ALJ may have disregarded the opinions of Rosander's mother and former treating physicians, the ALJ committed no legal error, particularly in light of the substantial evidence he in fact cited and relied upon. Therefore, we have no reason to reverse the ALJ's decision. *See Burch,* 400 F.3d at 679.

AFFIRMED.